**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| GIDGET LEWIS, INDIVIDUALLY AND ON BEHALF OF THE HEIRS AND OF THE ESTATE OF ANDREA MARQUIS LEWIS, DECEASED, ALTON MOYE, AND LINDA DELL JOHNSON, INDIVIDUALLY AND ON BEHALF OF GIDGET LEWIS AND THE HEIR AND THE ESTATE OF ANDREA M. LEWIS, <br>     PLAINTIFFS <br><br> v. <br><br> WENTWOOD ST. JAMES, L.P., ST. JAMES PLACE APARTMENTS, ST. JAMES APARTMENTS, AMERICAN MANAGEMENT SERVICES LLC d/b/a PINNACLE, GRAOCH ASSOICATES, WENTWOOD ST. JAMES PARTNERS, L.L.C., <br>     DEFENDANTS | § § § § § § § § § § § § § § § § § § § § § | NO. 11-CV-02017 |

DEFENDANTS' MOTION FOR SUMMARY JUDGMENTAND BRIEF IN SUPPORT

Comes Now, Defendants, Wentwood St. James, L.P., St. James Place Apartments (not a legal entity), St. James Apartments (not a legal entity), American Management Services Central L.L.C d/b/a Pinnacle, Graoch Associates, and Wentwood St. James Partners, L.L.C. (no longer a legal entity), and file this Motion for Summary Judgment and brief in support thereof, pursuant to Federal Rules of Civil Procedure 56 and 12(c) and would respectfully show the court as follows:

**BACKGROUND**

1. Plaintiffs filed their Original Petition in the 281st District of Harris County, Texas, under cause number 2011-26241 on or about April 29, 2011. The case was

removed to this Court on May 27, 2011.  The lawsuit alleges claims for wrongful death and survival, negligence, gross negligence, fraud and breach of contract against Defendants, collectively.[1]

2.      Andrea Marquis Lewis ("Lewis") was murdered by Jamie Alan Adams ("Adams") in the parking lot of the St. James Place Apartments (the "Apartments") on April 29, 2009.[2]  Adams and Lewis met through a mutual friend, Ocelia Lashelia Adams, who became Lewis' girlfriend.[3]  Adams was indicted for the murder of Lewis, by a Harris County Grand Jury, on or about August 29, 2010.[4]  Adams pled guilty to the murder of Lewis and a judgment was entered on the plea on September 13, 2010.[5] Adams was sentenced to 30 years in prison in the Texas Department of Corrections Division.[6]

3.      Plaintiffs are Gidget Lewis, the deceased's mother, Linda Dell Johnson, the maternal grandmother and Alton Moye, the step-grandfather.[7]  Defendants have denied liability.

4.      Written discovery[8] and disclosures have been exchanged pursuant to the Court's Scheduling Order.  Plaintiffs' deadline to designate expert witnesses was May 7, 2012 and the dispositive motion deadline is May 28, 2012.

**SUMMARY JUDGMENT STANDARDS**

---

[1] Dkt. No. 3, Plaintiffs' First Amended Original Complaint
[2] Dkt. No. 11, The Court granted Defendants' motion to designate Jamie Alan Adams as a Responsible Third Party on November 2, 2011.
[3] Exhibit C
[4] Exhibit A, Indictment.
[5] Exhibit B, Judgment of Conviction by Court.
[6] Exhibit B Judgment of Conviction by Court.
[7] Dkt. No. 3, Plaintiff's First Amended Original Complaint and Exhibit C, excerpts from the police report, Incident no. 061254509, page 2.007
[8] Defendants propounded written discovery to all three plaintiffs.  Only Gidget Lewis responded to the interrogatories and she did not produce any documents in response to the request for production.  See Exhibit D.

5.      The purpose of Summary Judgment is to pierce the pleadings and to assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S.242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate the entry of summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

6.      Substantive state law applies in federal cases.

**SUMMARY JUDGMENT EVIDENCE**

7.      Defendants intend to rely on the following summary judgment evidence attached to the motion and incorporated herein for all purposes.

       a.      Exhibit A – Certified Copy of the Indictment;

       b.      Exhibit B -- Certified Copy of the Judgment of Conviction by Court;

       c.      Exhibit C – Incident Report Excerpts from the police investigation;

       d.      Exhibit D – Discovery Responses of Plaintiff.

**ARGUMENT AND AUTHORITIES**

### WRONGFUL DEATH and SURVIVAL ACTION

8.  Plaintiffs contend they have standing to bring suit pursuant to Chapter 71 of the Texas Civil Practice and Remedies code for wrongful death and survival damages. An action to recover damages as provided by this subchapter is for the exclusive benefit of the surviving spouse, children, and parents of the deceased. Tex. Civ. Prac. & Rem. Code §71.004(a). "A party is required to prove that he or she was the deceased's spouse, child, or parent." *Shepherd v. Ledford*, 962 S.W.2d 28, 31 (Tex. 1998).

9.  In this case, Gidget Lewis, as the mother of Lewis, is the only party with standing to bring suit. Linda Dell Johnson is Lewis' grandmother and Alton Moye is Mrs. Johnson's husband.[9] Neither Johnson nor Moye have standing to bring a wrongful death cause of action.

10. Gidget Lewis has failed to provide any documentation to support her standing to bring a wrongful death cause of action as Lewis' mother, however assuming she has standing, she will not be able to prevail on any the alleged causes of action.

11. There is no genuine issue of material fact as to Linda Dell Johnson and Alton Moye's lack of standing under §71.004(a) to bring suit and therefore Defendants are entitled to summary judgment as a matter of law.

### PREMISE LIABILITY

12. Plaintiffs allege that Defendants were negligent and that they knew or should have known the apartment complex and surrounding area was dangerous. Plaintiffs contend Defendants had a duty to provide adequate protection, security and/or warnings to Lewis.[10] "A complaint that a landowner failed to provide adequate security against

---

[9] Exhibit C.
[10] Dkt. No. 3

4

criminal conduct is ordinarily a premises liability claim." *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998).

13.     To succeed on a premises liability negligence claim, an invitee must prove that: (1) the condition on the premises created an unreasonable risk of harm to the invitee; (1) the owner knew or reasonably should have known of some condition on the premises; (3) the owner failed to exercise ordinary care to protect the invitee from danger; and (4) the owner's failure was a proximate cause of the injury to the invitee. *Fort Brown Villas III Condo. Ass'n v. Gillenwater*, 285 S.W.3d 879, 883 (Tex.2009).  A property owner's tenants are invitees for the purposes of premise liability invitees. *See Am. Indus. Life Ins. Co. v. Ruvalcaba*, 64 S.W.3d 126, 135 (Tex. App-Houston [14th Dist.] 2001, pet. denied)("A person is an invitee only where the owner or occupier invites the person to enter the premises and where the person's visit involves at least a potential pecuniary profit to the owner or occupier).  The owner possesses a duty of ordinary care to keep the premises in reasonably safe condition for invitees. *Carlisle v. J. Weingarten, Inc.*, 137 Tex. 220, 152 S.W.2d 1073, 1074 (Tex.1941).

14.     The owner or operator of the apartment complex only owes a "duty to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition about which the property owner knew or should have known." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010).  The duty to protect persons on the property from criminal conduct exists only when the risk is so great that it is both unreasonable and foreseeable. *Timberwalk Apartments, Parnters, Inc. v. Cain*, 972 S.W.2d 749, 756 (Tex. 1998).  The case is looked at in "light of what the premises owner knew or should have known before the criminal act occurred." *Id*. at 757.

5

15. Lewis, as a tenant, was an invitee. The alleged condition complained of was criminal activity in the surrounding area of the apartment complex because it was in a dangerous area.[11] On the facts in this case, Plaintiffs claim fails. Lewis' grandmother told police her grandson never reported any criminal activity.[12] Further, there is no evidence that Defendants knew or should have known of any criminal activity at the apartment complex prior to the shooting on April 29, 2009. There is no evidence that the owner or operator of the apartment complex knew or should have known that someone in Lewis' peer group was going to shoot him. Further there is no evidence that additional security measures would have prevented the murder of Lewis.

16. Plaintiff must also prove the failure to use ordinary care proximately caused the Plaintiffs' injuries. Proximate cause is composed of cause in fact and foreseeability. *Doe v. Boys Clubs of Greater Dallas, Inc*., 907 S.W.2d 472, 477 (Tex. 1995).

   Cause in Fact

17. The test for cause in fact is whether a negligent act or omission was a substantial factor in bringing about the injury and without which the injury would not have occurred. *Id*. Cause in fact cannot be established by mere conjecture, guess, or speculation. *Id*. Further, there is no evidence that the lack of security measures was a cause in fact of the murder. *Perez v. DNT Global Star, L.L.C*, 339 S.W.3d 692, 701 (Ct. App. – Houston [1st. Dist.] 2011, no pet). Plaintiffs do not have any expert testimony to support a claim that Defendants committed an act that could be considered a cause in fact of the injury.

   Foreseeability

---

[11] Dkt. No. 3.
[12] Exhibit C, page 2.025

18. A duty of a person who owns or controls property to protect persons on the property from the risk of criminal conduct exists, however, only when the risk is so great that it is both unreasonable and foreseeable. *Timberwalk*, 972 S.W.2d at 756. The foreseeablilty of an unreasonable risk of criminal conduct is a prerequisite to imposing a duty of care on a person who owns or controls premises to protect others on the property from the risk." *Id*. Foreseeability requires only that the general danger, not the exact sequence of events that produced the harm be foreseeable. *Id* at 756. The foreseeability analysis is the same for both duty and proximate cause. *Del Lago Partners*, 307 S.W.3d at 774. When the "general danger" is the risk of injury from criminal activity, the evidence must reveal specific previous crimes on or near the premises. *Timberwalk*, 972 S.W.2d at 756. Factors a court should consider when determining whether third party criminal conduct was foreseeable include (1) proximity—whether any criminal conduct previously occurred on or near the property; (2) recency—how recently such conduct occurred; (3) frequency—how often such conduct occurred; (4) similarity—how similar the prior conduct was to the conduct that occurred on the property; and (5) publicity – whether any publicity surrounded the occurrences to indicate that the property owner knew or should have known about them. *Perez v. DNT Global Star, L.L.C.*, 339 S.W.3d 692, 702 (Tex. App. Ct. –Houston [1st Dist.] 2011, no pet.) (citing *Timberwalk*, 972 S.W.2d at 757). There is no evidence of any of the five factors discussed above in this case. Further, there is no evidence that Defendants failure to provide adequate security was a cause in fact or foreseeable in the death of Lewis. Plaintiffs have no expert testimony to support this claim.

19. There is no genuine issue of material fact on Plaintiffs claim for premise liability therefore Defendants are entitled to judgment as a matter of law.

### GROSS NEGLIGENCE

20. Gross negligence means: "an act or omission (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others." Tex. Civ. Prac. & Rem.Code. § 41.001(11). "Extreme risk" under the first element is the likelihood of a serious injury to the plaintiff and not a remote possibility of injury or even a high probability of injury. *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998) (citing *Universal Servs. Co. v. Ung,* 904 S.W.2d 638, 641 (Tex.1995). Under the second element, "actual awareness means that the defendant knew about the peril, but its acts or omission demonstrated that it did not care." *Mobil Oil,* 968 S.W.2d at 921 (citing *Wal–Mart Stores, Inc. v. Alexander,* 868 S.W.2d 322, 326 (Tex.1993).

21. There is no evidence of gross negligence in this case. Plaintiffs do not have expert testimony on the elements of gross negligence. Therefore no genuine issue of material fact exists on Plaintiffs claim of gross negligence, and Defendants are entitled to judgment as a matter of law.

### FRAUD

22. To prevail on a claim for fraud, Plaintiffs must prove (1) defendant made a material misrepresentation that was false, (2) defendant knew the representation was false or it was made recklessly as a positive assertion and without knowledge of its truth; (3)

8

defendant made the representation with the intent that Plaintiffs act on it; (4) Plaintiff relied on the representation; and (5) the representation caused Plaintiff's injury. *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co*., 51 S.W.3d 573, 577 (Tex. 2001).

23.     In this case, there is no evidence of any statements, made by Defendants to Lewis, regarding the security or safety at the complex. Further, there is no evidence that Lewis relied on any representations made by the Defendants on that issue, prior to moving into the apartment complex. Finally there is no evidence that any representation made by Defendants caused any injury to Plaintiff. Because there is no genuine issue of material fact on Plaintiffs' claim of fraud, Defendants are entitled to summary judgment.

### BREACH OF CONTRACT

24.     In order to demonstrate a prima facie case for breach of contract, Plaintiffs must show that "1) a valid contract existed between the plaintiff and the defendant; (2) the plaintiff tendered performance or was excused from doing so; (3) the defendant breached the terms of the contract; and (4) the plaintiff sustained damages as a result of the defendant's breach." *West v. Triple B. Services*, 264 S.W.3d 440, 446 (Tex. Ct. App. – Houston [14th Dist.] 2008, n.p.h.); *Valero Mktg. & Supply Co. v. Kalama Int'l,* 51 S.W.3d 345, 351 (Tex. App.--Houston [1st Dist.] 2001, no pet.).

25.     Plaintiffs' breach of contract case appears to be related to the failure to provide personal security to Lewis. There is no evidence Defendants breached any contract executed by Lewis. Further, there is no evidence that Lewis suffered damages as a result of any breach. There are no genuine issues of material fact on any element of the breach of contract claim and therefore, Defendants are entitled to summary judgment as a matter of law.

WHEREFORE PREMISES CONSIDERED, Defendants, Wentwood St. James, L.P., St. James Place Apartments, St. James Apartments, American Management Services Central L.L.C d/b/a Pinnacle, Graoch Associates, and Wentwood St. James Partners, L.L.C., pray this motion for summary judgment be in all things granted and for such other relief both in equity and in law to which they may show themselves justly entitled.

                Respectfully submitted,

                JONES, GILLASPIA & LOYD, L.L.P.

                By:    /s/ Kathleen A. O'Connor
                          Kathleen A. O'Connor
                          State Bar No. 00793468
                          S.D. Tex. ID No. 63644
                          John Bruster Loyd
                          State Bar No. 24009032
                          S.D. Tex. ID No. 23240
                          1300 Post Oak Blvd. Suite 830
                          Houston, Texas 77056
                          Telephone: 713.225.9000
                          Facsimile: 713.225.6126
                          ATTORNEYS FOR DEFENDANTS
                          WENTWOOD ST. JAMES L.P. AND
                          WENTWOOD ST. JAMES PARTNERS,
                          L.L.C. WANDA -1 GP, and AMERICAN
                          MANAGEMENT SERVICES LLC
                          kat.a.oconnor@gmail.com

**CERTIFICATE OF SERVICE**

      I Hereby Certify that on this 25th day of May 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day upon all counsel of record identified either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing, in accordance with the Federal Rules of Civil Procedure.

Mr. Ed Rainey
Rainey Law Firm
SBN 24000029
700 Gemini, Suite 210
Houston, Texas 77058
281.286.3476
281.286.7844 (fax)

                                                  /s/Kathleen A. O'Connor
                                                  Kathleen A. O'Connor