

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

GIDGET LEWIS, INDIVIDUALLY AND      §
ON BEHALF OF THE HEIRS AND OF       §
THE ESTATE OF ANDREA MARQUIS        §
LEWIS, DECEASED, ALTON MOYE,        §
AND LINDA DELL JOHNSON,             §
INDIVIDUALLY AND ON                 §
BEHALF OF GIDGET LEWIS AND          §
THE HEIRS AND THE ESTATE OF         §
ANDREA M. LEWIS                     §
                                    §
v.                                  §         NO. 11-CV-02017
                                    §
WENTWOOD ST. JAMES L.P.,            §
ST. JAMES PLACE APARTMENTS,         §
ST. JAMES APARTMENTS, AMERICAN      §
MANAGEMENT SERVICES                 §
CENTRAL LLC d/b/a/ PINNACLE,        §
GRAOCH ASSOCIATES, WENTWOOD         §
ST. JAMES PARTNERS, L.L.C.          §

## PLAINTIFF'S RESPONSES TO DEFENDANTS' INTERROGATORIES TO ESTATE OF ANDREA M. LEWIS

TO:   Defendants, by and through their attorney of record, Kathleen A. O'Connor, Jones, Gillaspa & Loyd, LLP, Via Fax: 713-225-6126.

Per Federal Rules of Civil Procedure 26 and 33, Plaintiff, Estate of Andrea M. Lewis, hereby responds to Defendants' Interrogatories to Plaintiff, Estate of Andrea M. Lewis.

Respectfully Submitted,



1

Ed Rainey
Texas Bar No. 24000029
Rainey Law Firm
1081 Cayman Bend Lane
League City, TX 77573
281-538-1396
281-674-8150 fax
Attorney for Complainants

Plaintiffs' general objection. Plaintiffs object to this entire set of interrogatories because they are addressed to the Estate of Andrea M. Lewis rather than to a living individual acting on behalf of said estate. Plaintiffs are responding to the interrogatories subject to and without waiving this general objection.

1.      Please state the deceased's full name, last known address, date of birth, date of death, social security number and drivers license number including the date of issuance and state issuing each license.

RESPONSE:      Plaintiff object to this interrogatory because it is vague and ambiguous, and seeks private information. Subject to and without waiving these objections, Plaintiff responds as follows: Andrea Marquis Lewis, 9109 Fondren, Houston, Texas or 6503 Wanda Lane, Houston, TX. Andre died on April 30, 2009.

2.      If deceased was ever convicted of a felony or of a misdemeanor involving moral turpitude, please state the nature of the crime, the date of each conviction and the place where each conviction occurred.

RESPONSE:      None of which I was aware.

3.      Please state and identify all the facts and circumstances of the incident occurring on April 29, 2009.

RESPONSE:      Plaintiff objects to this request because she does not have personal knowledge of the event. Subject to and without waiving this objection, Plaintiff refers Defendants to the original complaint.

4.    Please identify the biological parents, siblings, and grandparents of the deceased.

RESPONSE:    I am his natural mother.  Gidget Lewis is my natural mother.

6.    Please list the name and address of each doctor, psychiatrist, psychologist, counselor, therapist, or other health care provider who has treated or examined the Plaintiff in the ten years prior to the incident made the basis of this lawsuit and in the time period since and identify the date and nature of each treatment or examination.

RESPONSE:    Plaintiffs object to this request because it seeks information neither relevant nor reasonably calculated to lead to discovering admissible evidence, seeks privileged information and is unreasonably burdensome, and is vague and ambiguous as to how an estate can have medical treatment.

7.    Please identify each act of fraud allegedly committed by Defendants by stating the allegedly false representations of Defendant on which Plaintiff relied, the date(s) on which each act of fraud occurred, the name of each Defendant's employees involved in the fraud that allegedly caused Plaintiff's damages.

RESPONSE:    I do not contend Defendants made false representations to me.

8.    If deceased was employed at any time in the preceding 10 year period, please identify the name of the employer, dates of employment, the address and length of time and the salary earned.

RESPONSE:    Plaintiffs object to this request because it is vague and ambiguous, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and not within my personal knowledge, unduly burdensome.

9.    If deceased ever made any other claim against anyone for personal injuries, including workers compensation claims, prior to or since the

happening of the incident made the basis of this lawsuit, please list the names and addresses of all parties against whom you have made a claim, the approximate date of each claim, the nature of each claim asserted by you and the outcome of each claim.

RESPONSE:     Plaintiffs object to this because it violates Plaintiffs right to privacy that outweighs any potential benefit to Defendants, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome.

10.   Please identify any and all support that the decedent received from any source in the last five years.

RESPONSE:     Plaintiff objects to this request because it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and not within my personal knowledge, unduly burdensome.

11.   Please identify each action Plaintiff has taken to determine and confirm that the Apartment where decedent lived was dangerous.

RESPONSE:     Plaintiffs object to this request because it is vague and ambiguous, assumes facts, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome.

12.   Please identify if any will existed for the decedent, if probate was necessary and if so what probate court it is or was in.

RESPONSE:     Plaintiff objects to this request because it calls for legal expertise and seeking out facts not in her personal knowledge.  Subject to and without waiving these objections, Plaintiffs respond as follows:  I do not know of any will for decedent, and I am unaware of any reason for his estate to be probated.

13.   Pursuant to Federal Rule of Evidence 609, please state the date, location, persons involved, and the specific conviction of all crimes which you intend to use as evidence to impeach any of the witnesses identified in any party's answers to interrogatories or which you intend to impeach

Defendant or any other party to this lawsuit or employee of any party.

RESPONSE:        Plaintiffs object to this request because it is vague and ambiguous.  Subject to and without waiving these objections, Plaintiffs respond as follows:  Plaintiff is unaware of any parties identified in any other party's answers to interrogatories.

14.    If you contend that any act or omission on the part of this Defendant caused or contributed to the incident in question or your alleged damages, please specifically identify each act or omission of which you complain, the date(s) on which each act or omission occurred and how such act or omission caused or contributed to the incident in question and your alleged damages.

RESPONSE:        Plaintiff cannot answer this contention interrogatory under oath, and objects to marshaling her evidence, and that it is vague and ambiguous.  Subject to and without waiving this objection and limitation, Plaintiff responds as follows:  Defendants were aware or should have been aware of the hundreds of violent and/or potentially criminal activity in the area within a half-mile of and at the apartment complex owned or operated by each Defendant, and taken reasonable steps to provide security to their residents, but they failed to do so.  In addition, Defendants should have informed potential residents of the dangerous criminal activity in the area surrounding the complex and at the complex but did not.  One particularly noteworthy incident occurred only a few days prior to the incident in question when three armed men broke into an apartment there and assaulted residents living there and robbed them.  Although Defendants' employees were actually aware of that incident, they still did not provide adequate security for residents.

15.    If you had any conversation with any agent, employee or representative of Defendant concerning Andrea Lewis' lease, move in, or move out, please identify the person, the date, the general substance of the conversation.

RESPONSE:        None.

16.    Identify the name of the individual convicted of shooting Andrea Lewis and whether there was a trial in the case, and the sentence received by

the individual convicted of shooting Andrea Lewis.

RESPONSE:        Plaintiff refers Defendants to documents produced in their Initial Disclosures.

17.    Please identify each action Plaintiff has taken to determine and confirm that the Apartment where decedent lived was dangerous.

RESPONSE:        Plaintiff objects to this because it duplicates a prior interrogatory verbatim.

18.    Please identify if any will existed for the decedent, if probate was necessary and if so what probate court it is or was in.

RESPONSE:        Plaintiff objects to this because it duplicates a prior interrogatory verbatim.

19.    Pursuant to Federal Rule of Evidence 609, please state the date, location, persons involved, and the specific conviction of all crimes which you intend to use as evidence to impeach any of the witnesses identified in any party's answers to interrogatories or which you intend to impeach Defendant or any other party to this lawsuit or employee of any party.

RESPONSE:        Plaintiff objects to this because it duplicates a prior interrogatory verbatim.

20.    If you contend that any act or omission on the part of this Defendant caused or contributed to the incident in question or your alleged damages, please specifically identify each act or omission of which you complain, the date(s) on which each act or omission occurred and how such act or omission caused or contributed to the incident in question and your alleged damages.

RESPONSE:        Plaintiff objects to this because it duplicates a prior interrogatory verbatim.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GIDGET LEWIS, INDIVIDUALLY AND | § | |
| ON BEHALF OF THE HEIRS AND OF | § | |
| THE ESTATE OF ANDREA MARQUIS | § | |
| LEWIS, DECEASED, ALTON MOYE, | § | |
| AND LINDA DELL JOHNSON, | § | |
| INDIVIDUALLY AND ON | § | |
| BEHALF OF GIDGET LEWIS AND | § | |
| THE HEIRS AND THE ESTATE OF | § | |
| ANDREA M. LEWIS | § | |
| | § | |
| v. | § | NO. 11-CV-02017 |
| | § | |
| WENTWOOD ST. JAMES L.P., | § | |
| ST. JAMES PLACE APARTMENTS, | § | |
| ST. JAMES APARTMENTS, AMERICAN | § | |
| MANAGEMENT SERVICES | § | |
| CENTRAL LLC d/b/a/ PINNACLE, | § | |
| GRAOCH ASSOCIATES, WENTWOOD | § | |
| ST. JAMES PARTNERS, L.L.C. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
INTERROGATORIES TO GIDGET LEWIS**

TO:    Defendants, by and through their attorney of record, Kathleen A. O'Connor, Jones, Gillaspa & Loyd, LLP, Via Fax: 713-225-6126.

Per Federal Rules of Civil Procedure, Plaintiff, Gidget Lewis, hereby

responds to Defendants' Interrogatories to Plaintiff, Gidget Lewis.

Respectfully Submitted,

1

Ed Rainey
Texas Bar No. 24000029
Rainey Law Firm
1081 Cayman Bend Lane
League City, TX 77573
281-538-1396
281-674-8150 fax
Attorney for Complainants

1.     Please state your full name, current residence, date of birth, marital status, social security number including the date of issuance and state issuing each license.

RESPONSE:     Plaintiff object to this interrogatory because it is vague and ambiguous, and seeks private information.

2.     If you have ever been convicted of a felony or of a misdemeanor involving moral turpitude, please state the nature of the crime, the date of each conviction and the place where each conviction occurred.

RESPONSE:     Plaintiff objects to this request because it is vague and ambiguous, seeks information that is neither relevant nor reasonably calculated to lead to admissible evidence, unduly burdensome.  Subject to and without waiving these objections, will supplement.

3.     Please state and identify all the facts and circumstances of the incident occurring on April 29, 2009.

RESPONSE:     Plaintiff objects to this request because she does not have personal knowledge of the event.  See the latest complaint on file for a statement of the facts.

4.     Please identify all personal injuries and any other damages which Plaintiff has allegedly sustained as a result of the incident made the basis of this lawsuit, identify each complaint which Plaintiff contends resulted from each injury or damage listed, and state the amount of recovery which Plaintiff is seeking for each injury or damage.

RESPONSE:     My son was killed and I am seeking damages for the loss

of companionship and support he would have provided me had he lived.  In addition, as the representative of his estate, I am seeking damages for the conscious pain, suffering and mental anguish, including fear and knowing he was going to die or suffer heinous injury.  I will let the judge or jury determine my amounts of recovery.

5.      Please identify each Plaintiff's relation to the decedent, Andrea M. Lewis.

RESPONSE:      I am his natural mother.  Gidget Lewis is my natural mother.

6.      Plaintiff is not making a claim for personal injuries to her body.

7.      If you are making a claim for mental anguish please list the name and address of each doctor, psychiatrist, psychologist, counselor, therapist, or other health care provider who has treated or examined the Plaintiff in the ten years prior to the incident made the basis of this lawsuit and in the time period since and identify the date and nature of each treatment or examination.

RESPONSE:      Plaintiffs object to this request because it seeks information neither relevant nor reasonably calculated to lead to discovering admissible evidence, seeks privileged information and is unreasonably burdensome.

8.      Please identify each act of fraud allegedly committed by Defendants by stating the allegedly false representations of Defendant on which Plaintiff relied, the date(s) on which each act of fraud occurred, and name of each Defendant's employees involved in the fraud that allegedly caused Plaintiff's damages.

RESPONSE:      I do not contend Defendants made false representations to me.

9.      Please state your business or occupation, and if you claim to have lost any time from your work or employment because of injuries resulting from the incident made the basis of this lawsuit, please list the amount and dates of time lost and the amount of money allegedly lost because of the time off

from work.

RESPONSE:        I do not contend I suffered any injuries that caused me to miss time from work.

10.    Please identify by name, address, dates of employment and salary each employer or place of employment for which Plaintiff has worked for the five years immediately prior to the incidents made the basis of this lawsuit and for the period of time since; also describe the manner in which Plaintiff was paid for the one year preceding the happening of this incident.

RESPONSE:        Plaintiffs object to this request because it is vague and ambiguous, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome.

11.    If you have ever made any other claim against anyone for personal injuries, including workers compensation claims, prior to or since the happening of the incident made the basis of this lawsuit, please list the names and addresses of all parties against whom you have made a claim, the approximate date of each claim, the nature of each claim asserted by you and the outcome of each claim.

RESPONSE:        Plaintiffs object to this because it violates Plaintiffs right to privacy that outweighs any potential benefit to Defendants, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome.

12.    Please identify any and all support that the decedent was providing to you or anyone else in your immediate household.

RESPONSE:        At the time of his death, none.

13.    Please identify each action Plaintiff has taken to determine and confirm that the Apartment where decedent lived was dangerous.

RESPONSE:        Plaintiffs object to this request because it is vague and ambiguous, assumes facts, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome.

14.    Please identify if any will existed for the decedent, if probate was necessary and if so what probate court it is or was in.

RESPONSE:      Plaintiff objects to this request because it calls for legal expertise and seeking out facts not in her personal knowledge.  Subject to and without waiving these objections, Plaintiffs respond as follows:  I do not know of any will for decedent, and I am unaware of any reason for his estate to be probated.

15.    Pursuant to Federal Rule of Evidence 609, please state the date, location, persons involved, and the specific conviction of all crimes which you intend to use as evidence to impeach any of the witnesses identified in any party's answers to interrogatories or which you intend to impeach Defendant or any other party to this lawsuit or employee of any party.

RESPONSE:      Plaintiffs object to this request because it is vague and ambiguous.  Subject to and without waiving these objections, Plaintiffs respond as follows:  Plaintiff is unaware of any parties identified in any other party's answers to interrogatories.

16.    If you contend that any act or omission on the part of this Defendant caused or contributed to the incident in question or your alleged damages, please specifically identify each act or omission of which you complain, the date(s) on which each act or omission occurred and how such act or omission caused or contributed to the incident in question and your alleged damages.

RESPONSE:      Plaintiff cannot answer this contention interrogatory under oath, and objects to marshaling her evidence.  Subject to and without waiving this objection and limitation, Plaintiff responds as follows: Defendants were aware or should have been aware of the hundreds of violent and/or potentially criminal activity in the area within a half-mile of and at the apartment complex owned or operated by each Defendant, and taken reasonable steps to provide security to their residents, but they failed to do so.  In addition, Defendants should have informed potential residents of the dangerous criminal activity in the area surrounding the complex and at the complex but did not.  One particularly noteworthy incident occurred only a few days prior to the incident in question when three armed men

broke into an apartment there and assaulted residents living there and robbed them. Although Defendants' employees were actually aware of that incident, they still did not provide adequate security for residents.

17.    If you had any conversation with any agent, employee or representative of Defendant concerning Andrea Lewis' lease, move in, or move out, please identify the person, the date, the general substance of the conversation.

RESPONSE:       None.

18.    Identify the name of the individual convicted of shooting Andrea Lewis and whether there was a trial in the case, and the sentence received by the individual convicted of shooting Andrea Lewis.

RESPONSE:       Plaintiff refers Defendants to documents produced in their Initial Disclosures.

19.    If you have ever been a party to a lawsuit, please identify the style of the case, county of suit, date of suit, and whether the claim has been resolved.

RESPONSE:       Plaintiffs object to this request because it is vague and ambiguous. Subject and without waiving these objections, Plaintiffs respond as follows: none.

20.    If there you received any insurance proceeds or death benefits as a result of the death of Andrea Lewis, please identify the amount received and who paid the benefits.

RESPONSE:       None.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GIDGET LEWIS, INDIVIDUALLY AND | § | |
| ON BEHALF OF THE HEIRS AND OF | § | |
| THE ESTATE OF ANDREA MARQUIS | § | |
| LEWIS, DECEASED, ALTON MOYE, | § | |
| AND LINDA DELL JOHNSON, | § | |
| INDIVIDUALLY AND ON | § | |
| BEHALF OF GIDGET LEWIS AND | § | |
| THE HEIRS AND THE ESTATE OF | § | |
| ANDREA M. LEWIS | § | |
| | § | |
| v. | § | NO. 11-CV-02017 |
| | § | |
| WENTWOOD ST. JAMES L.P., | § | |
| ST. JAMES PLACE APARTMENTS, | § | |
| ST. JAMES APARTMENTS, AMERICAN | § | |
| MANAGEMENT SERVICES | § | |
| CENTRAL LLC d/b/a/ PINNACLE, | § | |
| GRAOCH ASSOCIATES, WENTWOOD | § | |
| ST. JAMES PARTNERS, L.L.C. | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**REQUESTS FOR PRODUCTION**

TO:   Defendants, by and through their attorney of record, Kathleen A.
O'Connor, Jones, Gillaspa & Loyd, LLP, Via Fax: 713-225-6126.

    Per Federal Rules of Civil Procedure 26 and 33, Plaintiffs hereby

respond to Defendants' Requests for Production of Documents.

                                 Respectfully Submitted,

                                 _____

1

Ed Rainey
Texas Bar No. 24000029
Rainey Law Firm
1081 Cayman Bend Lane
League City, TX 77573
281-538-1396
281-674-8150 fax
Attorney for Complainants

1.     A true and correct copy of all medical bills and all other bills of any nature that Plaintiff claims to be recoverable as a result of the incident made the basis of this lawsuit.

RESPONSE:     Plaintiff will produce copies of funeral, burial and related expenses.

2.     A true and correct copy of all photographs, diagrams, drawings, models, and other physical evidence which Plaintiff or Plaintiffs representatives have preserved or produced which relate to the incident made the basis of this lawsuit or the damages being claimed.

RESPONSE:     None at this time other than those produced in Defendants' Initial Disclosures.

3.     A true and correct copy of all written, taped or transcribed statements from these Defendants or any agent, servant, employee or representative of these Defendants.

RESPONSE:     None at this time other than those produced in Defendants' Initial Disclosures.

4.     A true and correct copy of each Plaintiff's social security card and driver's license.

RESPONSE:     Plaintiffs object to producing copies of their social security cards or providing their social security numbers because that is private information and providing them exposes them to risks that outweigh potential benefit to Defendants.

5.     Current authorizations signed by Plaintiff, forms of which are attached hereto, to enable this Defendant to obtain copies of Plaintiff's medical and mental health records.

RESPONSE:     Plaintiffs object to this request because it seeks information neither relevant nor reasonably calculated to lead to discovering admissible evidence, seeks privileged information and is unreasonably burdensome.

6.     Employment authorizations signed by Plaintiff, forms of which are attached hereto, to enable this Defendant to obtain copies of Plaintiff's employment records.

RESPONSE:     Plaintiffs object to this request because it seeks information neither relevant nor reasonably calculated to lead to discovering admissible evidence, seeks privileged information and is unreasonably burdensome.

7.     All medical and mental health care records regarding the treatment received by any Plaintiff as a result of the incident made the basis of this lawsuit.

RESPONSE:

8.     All employment and payroll records pertaining to Plaintiff's current employment and any other employment that any Plaintiff has had in the past five years.

RESPONSE:     Plaintiffs object to this request because it seeks information neither relevant nor reasonably calculated to lead to discovering admissible evidence, seeks privileged information and is unreasonably burdensome.

9.     All checks and any other receipts or documents reflecting payment of medical bills or other expenses alleged to be recoverable as a result of these incidents.

RESPONSE:

10.    All videotapes, movies, films, motion pictures and day-in-the-life films, edited and unedited by anyone, including but not limited to Plaintiff's counsel, agents, servants, representatives or employees or any health care provider regarding any of the issues involved herein.

RESPONSE:        None.

11.    All settlement agreements, documents regarding the promise of intent to settle or any promise or agreement not to sue between Plaintiff and any other person, firm, corporation or entity.

RESPONSE:        None.

12.    A true and correct copy of all documents referred to in Plaintiffs' Response to Defendants' First Set of Interrogatories.

RESPONSE:        If any are referred to and are within Plaintiffs' possession, custody or control, they will be produced.

13.    A completed "Request for Copy of Tax Form," for each Plaintiff which is attached hereto, to enable these Defendants to obtain copies of Plaintiff's tax returns.

RESPONSE:        Plaintiffs object to this request because it seeks information neither relevant nor reasonably calculated to lead to discovering admissible evidence, seeks privileged information and is unreasonably burdensome.

14.    Pursuant to Federal Rule Evidence 609, please provide all documents evidencing a conviction of crime which Plaintiff intends to use as evidence to impeach any of the witnesses identified in any parties' answers to Interrogatories or which Plaintiff intends to use as evidence to impeach this Defendant or any of its employees.

RESPONSE:        None at this time.

15.    A true and correct copy of all correspondence, documents materials and other communications regarding Plaintiff's physical and mental condition, both before and after the incident made the basis of this.

RESPONSE:   Plaintiff objects to this request because it duplicates prior request(s).

16.   A true and correct copy of all correspondence, communications, documents, other communications and materials regarding investigations or inquiries into the incident made the basis of this lawsuit. This request seeks the production of documents created by or on behalf of the Plaintiff prior to the date this suit was filed and seeks the production of documents created by third parties at any time.

RESPONSE:   Plaintiffs object to this request because it is vague and ambiguous, seeks information not within Plaintiffs' possession, custody or control and/or already in Defendants' possession.

17.   A true and correct copy of all diaries, calendars, documents, and all other list or notes kept by Plaintiff regarding the incidents made the basis of this lawsuit and Plaintiff's alleged damages.

RESPONSE:   Plaintiffs object to this because it violates the attorney work product privilege and Plaintiffs right to privacy that outweighs any potential benefit to Defendants. Subject to and without waiving these objections, Plaintiffs respond as follows:

18.   All formal and informal reports and documents prepared by an officer or employee of any law enforcement agency or other governmental agency which pertain, in any way, to the incidents made the basis of this lawsuit.

RESPONSE:   Plaintiffs object to this request because it seeks information that is in the public domain and is just as readily available to Defendants as it is to Plaintiffs. Subject to and without waiving these objections, Plaintiffs will produce any responsive documents in their possession.

19.   All reports, publications, or other documents evidencing any safety standards, laws, regulations, ordinances, or industry standards which Plaintiff contends or will contend at the trial hereof the Defendant has violated with respect to the subject matter of this lawsuit.

RESPONSE:    Plaintiff objects to this request because it seeks information protected by the attorney work product privilege and to force the making of exhibit lists outside the Trial Court's schedule.

20.    A true and correct copy of all correspondence, documents, materials and other communications regarding this lawsuit and Plaintiff's alleged damages.

RESPONSE:    Plaintiffs object to this request because it seeks information protected by the attorney work product privilege, including confidential attorney-client communications, duplicative of prior requests, and is vague and ambiguous. Subject to and without waiving these objections, Plaintiffs respond as follows: none.

21.    A true and correct copy of correspondence, documents, and materials regarding Plaintiffs' contention that Defendant caused, or contributed to the cause of, the incidents made the basis of this lawsuit by failing to warn of or make safe the alleged dangerous conditions.

RESPONSE:    Plaintiffs object to this request because it seeks information protected by the attorney work product privilege, including confidential attorney-client communications, duplicates prior requests, and is vague and ambiguous. Subject to and without waiving these objections, Plaintiffs respond as follows: Plaintiffs refer Defendants to documents produced in their initial disclosures. If any other responsive documents come into Plaintiffs' possession, they will produce them.

22.    A true and correct copy of all correspondence, documents, and tangible things, including but not limited to all tangible reports, physical models, compilations of data, and other material prepared by or for Plaintiff's experts in anticipation of Plaintiff's expert's trial and/or deposition testimony. This request includes disclosure of material prepared by a consulting expert if it was relied upon or reviewed by a testifying expert.

RESPONSE:    Plaintiffs object to this request because it seeks information protected by the attorney work product privilege, including confidential attorney-client communications, duplicates prior requests, is vague and ambiguous, and seeks to improperly obtain information on expert

witnesses, and to compel a docketing schedule other than that ordered by the Trial Court.

23.    A true and correct copy of all statements made by persons not a party to this suit, either written, recorded or otherwise, regarding the incident made the basis of this lawsuit.

RESPONSE:        Plaintiffs refer Defendants to its initial disclosures.

24.    A true and correct copy of all correspondence, other communications, materials and documents regarding Plaintiff's contention that Defendant breached its duty to warn of or make safe the alleged dangerous condition on the subject property.

RESPONSE:        Plaintiffs object to this request because it improperly requires marshaling evidence, seeks attorney work product, and is vague and ambiguous.  Subject and without waiving these objections, Plaintiffs respond as follows:  they have no documents discussing their contention that Defendants breached said duties.

25.    A true and correct copy of all correspondence, other communications, records and documents regarding Plaintiff's contention that Defendant acted willfully and with malice and committed gross negligence when breaching its duty to warn of or make safe the alleged dangerous condition.

RESPONSE:        Plaintiffs object to this request because it improperly requires marshaling evidence, seeks attorney work product, and is vague and ambiguous.  Subject and without waiving these objections, Plaintiffs respond as follows:  they have no documents discussing their contention that Defendants breached said duties.

26.    A true and correct copy of all correspondence, other communications and documents regarding Plaintiff's contention that Defendant knew of the alleged dangerous condition Plaintiff's apartment and failed to disclose it to Plaintiff.

RESPONSE:        Plaintiff's contend Defendants owed a duty to disclose any dangerous conditions to the deceased, not the Plaintiffs.

27.    Copies of any documents, letters, emails, phone messages, notes or other correspondence with any Defendant regarding the lease executed by Andrea M. Lewis.

RESPONSE:    Plaintiffs object to this request because it is vague and ambiguous and seeks documents that would more likely be in the possession of the defendants than any plaintiff.

28.    A true and correct copy of the decedent's birth certificate and death certificate.

RESPONSE:    Will produce if in possession, if not then will contact Defendants about providing funds to cover the costs of obtaining copies.

29.    A true and correct copy of all correspondence, materials, other communications, records and documents evidencing all psychological and/or psychiatric testing that Andre M. Lewis has undergone at any time during his lifetime.

RESPONSE:    Plaintiffs object to this request because it seeks information neither relevant nor reasonably calculated to lead to admissible evidence, unduly burdensome.

31.    A true and correct copy of all correspondence, documents, materials, other communications, records, charts, or test results regarding learning or developmental disabilities of which Plaintiff has ever been diagnosed.

RESPONSE:  Plaintiffs object to this request because it seeks information neither relevant nor reasonably calculated to lead to admissible evidence, unduly burdensome, and would violate Plaintiffs right to privacy.

32.    A true and correct copy of all documents, correspondence, other communications records and materials regarding other incidents, that occurred prior to and are similar to the incidents forming the basis of this case, in which Plaintiff contends these Defendants or any other Defendant was involved in any manner.

RESPONSE:    Plaintiff objects to this request because it is vague and ambiguous as to what is meant by "Defendant...was involved in any

8

manner."

33.    A true and correct copy of all correspondence, documents, other correspondence, records and materials regarding incidents, that occurred prior to and are similar to the incidents forming the basis of this case, that Plaintiff contends these Defendants or any other Defendant in this case knew of or should have been aware of at the time of the incidents.

RESPONSE: Plaintiffs object to this request as vague and ambiguous because they do not know what an "other correspondence" means, or who or what "other Defendant" is in this case.  Subject to and without waiving these objections, Plaintiffs respond as follows:  None at this time other than those produced with Defendants Initial Disclosures.

34.    A true and correct copy of all correspondence, documents, other communications, records and materials regarding all property defects and dangerous conditions located on and around Plaintiff's apartment that Plaintiff alleges are a proximate cause of these incidents and Plaintiff's injuries.

RESPONSE:    Plaintiff objects to this request because it duplicates prior requests, and is vague and ambiguous.

35.    A true and correct copy of all correspondence, documents, other communications, records and materials regarding these Defendants' control over the apartment at the time this incident occurred.

RESPONSE:    Plaintiffs object to this request because it is vague and ambiguous as to what apartment Defendants are referring to and its potential relevance to this lawsuit.

36.    A true and correct copy of all contracts or written agreements between Plaintiff and St. James Place Apartments.

RESPONSE:    None.

37.    A true and correct copy of all notices, correspondence, documents, other communications, record of examinations, written opinions, expert opinions, testing documentation or other documents regarding the alleged

dangerous condition of Andrea M. Lewis's apartment.

RESPONSE: Plaintiffs object to this request because it is vague and ambiguous, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and suggests this lawsuit is related to a dangerous condition in deceased's apartment rather than the unsafe condition anywhere within the apartment property caused by inadequate security.

38.    A true and correct copy of all correspondence, documents, other correspondence sent to Plaintiff from Defendants regarding refusals not to accommodate Andrea M. Lewis' requests.

RESPONSE:    Plaintiffs object to this request because it is vague and ambiguous.  xxx

39.    A true and correct copy of any policy, all correspondence, and any other communications regarding any life insurance insuring the life of Andrea M. Lewis.

RESPONSE: Plaintiffs object to this request because it is vague and ambiguous, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

40.    A true and correct copy of all correspondence, documents, other communications, records and materials regarding when Andrea M. Lewis first became aware of the alleged danger and when he notified Defendants of the danger.

RESPONSE:    Plaintiffs object to this request because it is vague and ambiguous, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

41.    A true and correct copy of all correspondence, documents, other communications, records and materials regarding representations of material fact and/or assurances made to Plaintiffs by Defendants regarding the Apartment made the basis of this lawsuit.

RESPONSE:      Plaintiffs object to this request because it is vague and

ambiguous, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

42.     A true and correct copy of all correspondence, documents, other communications, records and materials that Plaintiff intends to submit as evidence in the trial of this matter.

RESPONSE:     Plaintiff objects to this request because it seeks attorney work product and to circumvent the docket control order entered by the Trial Court.

43.     A true and correct copy of all correspondence, documents, other communications, records and materials regarding communications with Defendants, its employees, officers, and/or agents regarding any matter raised by Plaintiffs' pleadings.

RESPONSE:     Plaintiffs object to this request because it is vague and ambiguous.

44.     Except for your attorneys, all written communications made by you or anyone on your behalf regarding the subject matter of this lawsuit.

RESPONSE:

45.     A true and correct copy of all correspondence, documents, other communications, records and materials that refer to all funeral expenses, burial expenses, and all other cost incurred for the death of Andrea M. Lewis.

RESPONSE:     Plaintiff objects to the request because it duplicates request #1.

46.     A true and correct copy of all correspondence, documents, other communications, records and materials in regards to the autopsy of Andrea M. Lewis.

RESPONSE:  Plaintiffs object to this request because it seeks information not within Plaintiffs' possession custody or control.  Subject to and without waiving these objections, Plaintiffs refer Defendants to autopsy materials in

11

the Defendants' Initial Disclosures.

47.    A true and correct copy of all correspondence, documents, other communications, records and materials of any and all criminal activity reports for Plaintiff and decedent.

RESPONSE:  Plaintiffs object to this request because it is vague and ambiguous and seeks information that is neither relevant nor reasonably calculated to lead to admissible evidence, overly burdensome.

48.    A true and correct copy of all correspondence, documents, other communications, records and materials in regards to the support financially or otherwise Andrea M. Lewis provided to Plaintiff.

RESPONSE:        None.