**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| GIDGET LEWIS, INDIVIDUALLY AND § <br> ON BEHALF OF THE HEIRS AND OF § <br> THE ESTATE OF ANDREA MARQUIS § <br> LEWIS, DECEASED, ALTON MOYE, § <br> AND LINDA DELL JOHNSON, § <br> INDIVIDUALLY AND ON BEHALF § <br> OF GIDGET LEWIS AND THE HEIR § <br> AND THE ESTATE OF ANDREA M. § <br> LEWIS, § <br>     PLAINTIFFS § <br> § <br> v. § <br> § <br> WENTWOOD ST. JAMES, L.P., § <br> ST. JAMES PLACE APARTMENTS, § <br> ST. JAMES APARTMENTS, AMERICAN § <br> MANAGEMENT SERVICES § <br> LLC d/b/a PINNACLE, § <br> GRAOCH ASSOICATES, WENTWOOD § <br> ST. JAMES PARTNERS, L.L.C., § <br>     DEFENDANTS § | NO. 11-CV-02017 |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR ADDITIONAL
TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Comes Now, Defendants, Wentwood St. James, L.P., St. James Place Apartments (not a legal entity), St. James Apartments (not a legal entity), American Management Services Central L.L.C d/b/a Pinnacle, Graoch Associates, and Wentwood St. James Partners, L.L.C. (no longer a legal entity), and object to Plaintiffs' Motion for Additional Time to Respond to Defendants' Motion for Summary Judgment[1] and would respectfully show the court as follows:

---
[1] Dkt. No. 15

**BACKGROUND**

1. Plaintiffs filed their Original Petition in the 281st District of Harris County, Texas, under cause number 2011-26241 on or about April 29, 2011. The case was removed to this Court on May 27, 2011. The lawsuit alleges claims for wrongful death and survival, negligence, gross negligence, fraud and breach of contract against Defendants, collectively.[2]

2. Andrea Marquis Lewis ("Lewis") was murdered by Jamie Alan Adams ("Adams") in the parking lot of the St. James Place Apartments (the "Apartments") on April 29, 2009. Adams and Lewis met through a mutual friend, Ocelia Lashelia Adams, who became Lewis' girlfriend. Adams was indicted for the murder of Lewis, by a Harris County Grand Jury, on or about August 29, 2010. Adams pled guilty to the murder of Lewis and a judgment was entered on the plea on September 13, 2010. Adams was sentenced to 30 years in prison in the Texas Department of Corrections Division.

3. Plaintiffs are Gidget Lewis, the deceased's mother, Linda Dell Johnson, the maternal grandmother and Alton Moye, the step-grandfather. Defendants have denied liability.

4. Written discovery and disclosures have been exchanged pursuant to the Court's Scheduling Order. Plaintiffs' deadline to designate expert witnesses was May 7, 2012 and the dispositive motion deadline was May 28, 2012.

**STANDARD FOR MOTION FOR CONTINUANCE – RULE 56(f)**

5. Use of Rule 56(f) requires due diligence both in pursuing discovery before the summary judgment initiative surfaces and in pursing an extension of time thereafter. *Resolution Trust Corp. v. North Bridge Assocs.*, 22 F.3d 1198, 1203 (1st Cir. 1994).

---

[2] Dkt. No. 3, Plaintiffs' First Amended Original Complaint

6.      To request a continuance, the party opposing the summary-judgment motion should present the motion for continuance in writing, supporting it by affidavits, file it in the court, and serve it on the movant. *Bliss v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006).  When the reason for continuance relates to incomplete discovery, the party's explanation should: (1) show good cause for the failure to have discovered the facts sooner; (2) set forth a plausible basis for believing that the specified fact probably exists; and (3) indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.[3] *Resolution Trust Corp.*, 22 F.3d at 1203.

**ARGUMENT AND AUTHORITIES**

7.      Plaintiffs' motion does not meet the criteria for an extension of time.  Plaintiffs did not diligently pursue any discovery before the summary judgment initiative surfaced. *Resolution Trust Corp. v. North Bridge Assocs.*, 22 F.3d 1198, 1203 (1st Cir. 1994); *Fontenot v. UpJohn Co.*, 780 F.2d 1190 (5th Cir. 1986).  Plaintiffs did not propound any discovery to Defendants' prior to this request for a continuance.  Further, Plaintiffs did not respond to Defendants' requests for production, interrogatories, or supplement their disclosures by the May 25, 2012 discovery deadline. Now at the eleventh hour, Plaintiffs request a continuance to obtain information from a website, which they claim to have possessed at one point yet failed to produce in response to Defendants' requests. Plaintiffs contend this website will somehow be responsive to the motion for summary judgment. The information Plaintiffs seek is hearsay.

8.      Plaintiffs' motion does not demonstrate their diligence in pursuing an extension of time after the summary judgment initiative surfaced. Plaintiffs waited until June 18, 2012,

---

[3] Plaintiffs also request a continuance to locate substitute counsel. Locating substitute counsel is not an appropriate ground for continuance in response to a motion for summary judgment. Defendants will address only the incomplete discovery ground for continuance.

the deadline for Plaintiffs' response to Defendants' motion for summary judgment, to request a continuance.

9.     Plaintiffs' request for continuance was not accompanied by an affidavit. Filing an affidavit is necessary for the preservation of a Rule 56(f) contention that summary judgment should be delayed pending further discovery. *Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 305 (6th Cir. 2003); *Dowling v. City of Phila.*, 855 F.2d 136, 140 (3d Cir. 1988); *Falcone v. Columbia Pictures Industries*, 805 F.2d 115, 117 (3d Cir. 1986); *Micro-Sparc, Inc. v. Weinstock*, 758 F.2d 790, 793 (1st Cir. 1985); *Mid-South Grizzlies v. National Football League*, 720 F.2d 772, 780 (3d Cir. 1983).

10.    Finally, Plaintiffs have failed to show good cause for the failure to have discovered the facts sooner. Plaintiffs have not answered discovery, requested discovery, identified witnesses[4] in their disclosures or provided any documents related to this case. Further, the information Plaintiffs are trying to obtain from the website can be obtained by public record, i.e., records for the Houston Police Department. Plaintiffs have failed to show a plausible basis for believing that the specified fact probably exists. Plaintiffs have also failed to indicate how this report will influence the outcome of the summary judgment or that other information is not available to be used as evidence in this case. Plaintiffs have not shown how this information will create a material issue of fact.

11.    Plaintiffs' motion for a continuance of the summary judgment motion should be denied.  Plaintiffs have failed to meet their burden in demonstrating good cause or why no other discovery has been done in the case that could provide some evidence to defeat the pending motion for summary judgment.

---

[4] By email, on March 30, 2012, Counsel for Plaintiffs requested a two-week extension on the expert designations with a like extension for Defendants.  Counsel for Defendants agreed to the request.

WHEREFORE PREMISES CONSIDERED, Defendants, Wentwood St. James, L.P., St. James Place Apartments, St. James Apartments, American Management Services Central L.L.C d/b/a Pinnacle, Graoch Associates, and Wentwood St. James Partners, L.L.C., pray this objection to Plaintiffs' Motion for Additional Time to Respond to Defendant's Motion for Summary Judgment be in all things sustained and for such other relief both in equity and in law to which they may show themselves justly entitled.

Respectfully submitted,

JONES, GILLASPIA & LOYD, L.L.P.

By:  /s/ Kathleen A. O'Connor
     Kathleen A. O'Connor
     State Bar No. 00793468
     S.D. Tex. ID No. 63644
     John Bruster Loyd
     State Bar No. 24009032
     S.D. Tex. ID No. 23240
     1300 Post Oak Blvd. Suite 830
     Houston, Texas 77056
     Telephone: 713.225.9000
     Facsimile: 713.225.6126
     ATTORNEYS FOR DEFENDANTS
     WENTWOOD ST. JAMES L.P. AND
     WENTWOOD ST. JAMES PARTNERS,
     L.L.C. WANDA -1 GP, and AMERICAN
     MANAGEMENT SERVICES LLC
     kat.a.oconnor@gmail.com

## CERTIFICATE OF SERVICE

I Hereby Certify that on this 21st day of June 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day upon all counsel of record identified either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing, in accordance with the Federal Rules of Civil Procedure.

Mr. Ed Rainey
Rainey Law Firm
SBN 24000029
1081 Cayman Bend Lane
League City, TX 77573
281.286.3476
281.286.7844 (fax)

/s/Kathleen A. O'Connor
Kathleen A. O'Connor