IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GIDGET LEWIS, INDIVIDUALLY AND § <br> ON BEHALF OF THE HEIRS AND OF § <br> THE ESTATE OF ANDREA MARQUIS § <br> LEWIS, DECEASED, ALTON MOYE, § <br> AND LINDA DELL JOHNSON, § <br> INDIVIDUALLY AND ON BEHALF § <br> OF GIDGET LEWIS AND THE HEIR § <br> AND THE ESTATE OF ANDREA M. § <br> LEWIS, § <br>     PLAINTIFFS § <br> § <br> v. § <br> § <br> WENTWOOD ST. JAMES, L.P., § <br> ST. JAMES PLACE APARTMENTS, § <br> ST. JAMES APARTMENTS, AMERICAN § <br> MANAGEMENT SERVICES § <br> LLC d/b/a PINNACLE, § <br> GRAOCH ASSOICATES, WENTWOOD § <br> ST. JAMES PARTNERS, L.L.C., § <br>     DEFENDANTS § | NO. 11-CV-02017 |

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS'
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Comes Now, Defendants, Wentwood St. James, L.P., St. James Place Apartments (not a legal entity), St. James Apartments (not a legal entity), American Management Services Central L.L.C d/b/a Pinnacle, Graoch Associates, and Wentwood St. James Partners, L.L.C. (no longer a legal entity), and file this Reply to Plaintiffs' Response to Defendants' Motion for Summary Judgment and would respectfully show the court as follows:

1.  Plaintiffs contend it is Defendants' burden to provide evidence in support of their motion for summary judgment. However, when the nonmovant bears the burden of proof at trial, the movant does not need to support its' motion with proof negating the

1

nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996). In the case at hand, Plaintiffs, the nonmovant, bear the burden of proof at trial, so Defendants, the movant, do not need evidence to support their motion for summary judgment.

2. Next, Plaintiffs contend Defendants "ignored Plaintiffs' cause of action for failure to warn" in their motion. Defendants moved for summary judgment on the theory of premises liability, a form of negligence. Plaintiffs do not address the claim of premise liability in their response. Instead, Plaintiffs contend they have a negligence claim for failure to warn the decedent that criminal activity occurred in the area and on the premises.

A premises owner may be liable for two types of negligence in failing to keep the premises safe: that arising from an activity on the premises, and that arising from a premise defect. *Clayton W. Williams Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997). Negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010); *see Foodtown v. Tanguma*, 2011 Tex. App. LEXIS 10153 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

At the time of the shooting, Defendants were not engaged in a contemporaneous activity or crime, *i.e.* negligent activity. That leaves premise liability. The Plaintiffs argue Lewis was injured because Defendants did not warn them about criminal activity on the premises or in the area and that is what proximately caused his death. These

allegations give rise to a premises liability claim even though Plaintiffs couch it as a negligence claim. Defendants properly moved for summary judgment on the claim of premises liability.

3. Plaintiffs allege Defendants' employees had actual knowledge of "the substantial risk to criminal activity in the area and at the premises" because of an armed burglary and aggravated assault that occurred a few nights before Decedent's death.[1] Plaintiffs point to the police report excerpts, attached to the motion, that refer to a prior assault on the premises.[2] There is no information in the report that the prior assault was reported to anyone working for the Defendants. Further the excerpt is not evidence that Defendants were aware of any criminal activity in the area or on the premises. The attached excerpts are from the police investigation into the murder and not from the alleged assault. Plaintiffs do not provide any admissible evidence that Defendants' employees had knowledge of the incident or other incidents thereby creating a duty to warn. Further, Plaintiffs do provide any evidence that the failure to warn Lewis proximately caused his death. Additionally, Defendants object to Plaintiffs' Exhibit A on the basis of hearsay.

4. Plaintiffs then argue that expert testimony may assist the jury in determining the adequacy of security, but that expert testimony is not mandatory and the layperson may provide testimony in this case. However, Plaintiffs have not provided <u>any evidence</u>, either expert or layperson, regarding the lack of adequate security measures or lack of warnings. Nor is there any evidence that the lack of security or failure to warn proximately caused the shooting. Although Plaintiffs refer the court to "the police report

---

[1] This is an element of a premises liability claim.
[2] The complainant in the alleged assault, Latoya Carter, was a friend of Jaime Adams, the person convicted of the shooting. She was a resident of the apartment complex at the time of the shooting and invited her friend, Jamie Adams to her home.

relied on by Defendants in the Motion." The police report is hearsay. Plaintiffs overlooked the utility of the police report. Defendants provided the excerpts from the police report only to establish that Alton Moye and Linda Dell Johnson were grandparents, and therefore lack standing.[3]

5.  Further in line with the inadequate security issue, Plaintiffs assert that the debate is "not over the adequacy of security, but whether there was any security at all." Plaintiffs place the burden of proof on the Defendants to provide evidence of the security measures when as previously mentioned, Defendants are not required to provide evidence in support of their motion for summary judgment.[4]

6.  Plaintiffs have not provided any evidence or contested Defendants' motion on the issue of standing as it concerns Alton Moye and/or Linda Dell Johnson.

7.  Plaintiffs have failed to provide any evidence that would create a genuine issue of material fact on each element of their claims for gross negligence, fraud, and breach of contract. Plaintiffs' response does not address the gross negligence, fraud or breach of contract claim. Because no genuine issues of material fact exist, Defendants are entitled to summary judgment as a matter of law.

WHEREFORE PREMISES CONSIDERED, Defendants, Wentwood St. James, L.P., St. James Place Apartments, St. James Apartments, American Management Services Central L.L.C d/b/a Pinnacle, Graoch Associates, and Wentwood St. James Partners, L.L.C., pray this motion for summary judgment be in all things granted and for

---

[3] Plaintiffs did not respond to discovery requests, so there was no other means to put the Court on notice that these parties lack standing.

[4] Plaintiffs are aware from the documents provided with the initial disclosures Defendants hired off duty police personnel to patrol the property.

such other relief both in equity and in law to which they may show themselves justly entitled.

Respectfully submitted,

JONES, GILLASPIA & LOYD, L.L.P.

By: /s/ Kathleen A. O'Connor
Kathleen A. O'Connor
State Bar No. 00793468
S.D. Tex. ID No. 63644
John Bruster Loyd
State Bar No. 24009032
S.D. Tex. ID No. 23240
1300 Post Oak Blvd. Suite 830
Houston, Texas 77056
Telephone: 713.225.9000
Facsimile: 713.225.6126
ATTORNEYS FOR DEFENDANTS
WENTWOOD ST. JAMES L.P. AND
WENTWOOD ST. JAMES PARTNERS,
L.L.C. WANDA -1 GP, and AMERICAN
MANAGEMENT SERVICES LLC
kat.a.oconnor@gmail.com

## CERTIFICATE OF SERVICE

I Hereby Certify that on this 21st day of June 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day upon all counsel of record identified either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing, in accordance with the Federal Rules of Civil Procedure.

Mr. Ed Rainey
Rainey Law Firm
SBN 24000029
1081 Cayman Bend Lane
League City, TX 77573

/s/Kathleen A. O'Connor
Kathleen A. O'Connor